**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>JAMES TERRY,<br><br>     Defendant. | Criminal Action No. 24-381 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendant James Terry's ("Defendant") application for early termination of supervised release. (ECF No. 4.) The United States of America ("Government") opposed the request.[1] (ECF No. 9.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, Defendant's motion is **DENIED**.

I. **BACKGROUND**

On July 11, 2019, Defendant pled guilty in the Southern District of West Virginia to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. (Crim. J., ECF No. 2-2; *see also United States v. Terry*, No. 18-200, (S.D. W.Va., July 11, 2019), ECF No. 164). Defendant was sentenced to ninety-two months in prison, followed by three years of supervised release. (Crim. J. at 2–3.) Defendant's supervised release began on April 5, 2024, and will end on April 4, 2027. (Transfer of Jurisdiction, ECF No. 1.) On June 10, 2024, the jurisdiction

---

[1] The Probation Office did not oppose Defendant's application.

for Defendant's supervised release was transferred from the Southern District of West Virginia to this District. (*Id*.)

On January 14, 2026, Defendant moved for early termination of his supervised release. (Mot., ECF No. 4.) Defendant explains that while in custody at a halfway house, he obtained his forklift license, found and continues to maintain gainful employment at a perfume factory, and that his "life has changed for the better" since his release. (*Id*. at *1–2.[2]) Moreover, as expressed in his letter to the Court, Defendant intended on starting school to receive his commercial driver's license in January 2026. (*Id*. at *2.)

The Government opposed Defendant's motion, arguing that Defendant did not meet his burden to show that early termination is warranted under the circumstances and the 18 U.S.C. § 3553(a) factors support denying Defendant's request.[3] (Gov't Opp'n at 2, ECF No. 9.) Further, the Government notes that, according to the Probation Office, Defendant violated the terms of his supervised release by testing positive for marijuana on four separate occasions during the first six months of his supervised release. (*Id*. at 5 n.3.)

## II.   <u>LEGAL STANDARD</u>

The Court has broad discretion to terminate supervised release early. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The Court, likewise, has "broad discretion to consider all relevant information" in ruling on an early termination motion. *Concepcion v. United States*, 597 U.S. 481, 491 (2022).

Under 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release if, after reviewing factors listed in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the

---

[2] Pincites preceded by an asterisk (*) use ECF pagination.

[3] As support for its opposition, the Government cites the seriousness of Defendant's underlying offense, his supervised release term of three years being the statutory minimum, and Defendant's lengthy criminal history. (Gov't Opp'n at 2.)

conduct of the defendant released and the interest of justice." The 18 U.S.C. § 3553(a) factors the

Court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 52 (quoting *United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018)).

The Court need not "make specific findings of fact with respect to each of these factors." *Id*. at

52–53. Rather, a statement that the Court has considered the factors is sufficient. *Id*. at 53. The

Court need not find an exceptional or extraordinary circumstance to grant early termination. *See*

*id*. Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose

since the original sentencing. *Id*. "In other words, extraordinary circumstances may be *sufficient*

to justify early termination of a term of supervised release, but they are not *necessary* for such

termination." *Id*. (emphasis in original).

Nevertheless, because the imposition of an original sentence should be "sufficient, but not

greater than necessary" 18 U.S.C. § 3553(a), courts generally "expect that something will have

changed in the interim that would justify an early end to a term of supervised release," *Melvin*, 978

F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although

"commendable, . . . is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-

484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

## III.   **DISCUSSION**

Having reviewed § 3553(a) factors, the Court concludes that early termination of Defendant's supervised release is unwarranted at this time.

First, the § 3553(a) factors counsel against early termination. The nature and circumstances of Defendant's offense are serious and he has an extensive criminal history. Following a search of Defendant's vehicle, Defendant was arrested with 997 oxycodone pills and marijuana. (Gov't Opp'n at 1.) Government-intercepted phone calls involving members of a drug trafficking organization in West Virginia, as well as a post-arrest statement from a member of that organization, established that Defendant was interested in, and may have received, a firearm from the organization in exchange for drugs. (*Id*. at 1–2.) Moreover, Defendant's criminal history score is 16, resulting from his prior adult convictions for assault, unlawful possession of a firearm, resisting arrest, distribution of a controlled substance on school property, prowling to obtain a controlled substance, and disorderly conduct. (*Id*. at 4–5.)

Second, § 3583(e) explains that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Here, Defendant points to his post-release conduct, his gainful employment and interest in pursuing a commercial driver's license as support for early termination. (*See* Mot.) While the Court commends Defendant for complying with the terms of his supervised release, compliance does not, on its own, warrant early termination. *Stiso*, 2021 WL 1291648, at *3. Further, Defendant does not claim that his supervised release prevents him from obtaining a commercial driver's license nor does he identify other unforeseen occurrences or changed circumstances warranting early termination. *See United States v. Fried*, No. 24-501, 2025 WL 3043511, at *2 (D.N.J. Oct. 31, 2025).

4

The Court, therefore, concludes that Defendant's conduct and the interest of justice do not warrant early termination at this time. Nonetheless, Defendant's efforts to improve his life do not go unnoticed. If Defendant encounters a change in his circumstances, the Court encourages him to refile his application for early termination.

## IV.     **CONCLUSION**

For the foregoing reasons, Defendant's motion for early termination of supervised release (ECF No. 4) is **DENIED** without prejudice to Defendant's ability to refile. An appropriate Order accompanies this Opinion.

**DATED:** 6/10/2026

**JULIEN XAVIER NEALS**
**United States District Judge**